IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Mateusz Tomasz Szelinger,<br><br>Plaintiff;<br><br>vs.<br><br>United States Citizenship and Immigration Services, Joseph B. Edlow, Kristi Noem, Pam Bondi,<br><br>Defendants. | C/A No. 6:26-cv-01065-SAC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This is a civil action filed by the plaintiff, proceeding *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district judge.

**LITIGATION & PROCEDURAL HISTORY**

The plaintiff returns to this court seeking mandamus relief relating to an immigration application pending with the United States Citizenship and Immigration Services ("USCIS") (doc. 1). The plaintiff has already brought one action regarding this same immigration petition and that case was dismissed without prejudice for a lack of subject matter jurisdiction. *See Szelinger v. U.S. Citizenship and Immigr. Servs., et al.*, C/A No. 6:25-cv-00706-BHH, 2025 WL 1727263 (D.S.C. June 20, 2025).

The plaintiff's complaint in the instant matter was entered on the docket on March 12, 2026 (doc. 1). By order dated April 28, 2026, the plaintiff was given an opportunity to provide the necessary information to bring the case into proper form for evaluation and possible service of process (doc. 6). The plaintiff was warned that failure to provide the necessary information and paperwork within the timetable set in the order

may subject the case to dismissal (*id*. at 1). The plaintiff was also advised to keep the court informed as to his current address (*id*. at 2). The plaintiff responded to the order, but did not provide properly completed proposed service documents, so by order dated June 11, 2026, the plaintiff was provided a second opportunity to provide the necessary information to bring the case into proper form for evaluation and possible service of process (doc. 12). The plaintiff was warned for a second time that failure to provide the necessary information and paperwork within the timetable set in the order may subject the case to dismissal (*id*. at 1). The plaintiff was also advised to keep the court informed as to his current address (*id*. at 2). The plaintiff did not respond to the second proper form order and the time for response has lapsed.

## ALLEGATIONS

The plaintiff, a non-prisoner, filed this mandamus action seeking injunctive relief from the defendants (doc. 1). The plaintiff alleges that, pursuant to the Administrative Procedures Act ("APA"), he seeks a writ of mandamus compelling the defendants to process his immigration case "in a timely and lawful manner" (*id*. at 1). The plaintiff alleges federal question jurisdiction based on 28 U.S.C. § 1331 because his case involves the APA (*id*. at 2). The plaintiff contends that the court also has jurisdiction over his request based on the delay by the defendants in processing his I-485 Application to Register Permanent Residence or Adjust Status ("I-485 Application") (*id*. at 3).

The plaintiff alleges that he submitted an I-485 Application in Miami, Florida on March 28, 2022 (*id*. at 3). The plaintiff contends that he is a citizen of Poland who has been in the United States for more than a year and is married to a Cuban national, which makes him eligible for lawful permanent residence (*id*.). The plaintiff has fully complied with the necessary requirements, but his application has been pending 47 months (well in excess of the typical evaluation time of 16 months) (*id*.). The plaintiff moved for expedited processing, but his request was denied (*id*.). The plaintiff requested assistance from

Congressman Timmons, but no progress has been made despite the inquiries made by Congressman Timmons (*id*. at 3–4). The delayed application process has caused the plaintiff personal and financial hardship, employment difficulties, an inability to travel, and ongoing legal uncertainty (*id* at 4).

The plaintiff alleges that under the Administrative Procedures Act ("APA"), he is entitled to mandamus relief requiring USCIS to process his I-485 Application (*id*.). The plaintiff contends that making inquiries regarding the status of his I-485 Application means he has exhausted his administrative remedies (*id*. at 4–5). The plaintiff also contends that the Court is required to act because of unreasonable delay (*id*.). He contends that other courts have granted mandamus relief based on inordinate delay in processing an immigration action (*id*. at 5–6).

The plaintiff alleges that he seeks judicial intervention to compel the USCIS to act on his I-485 Application, but not its approval (*id*. at 6). For relief, the plaintiff seeks a writ of mandamus compelling completion of consideration of his I-485 Application, reimbursement for attorney's fees and costs, and any other relief the court deems proper (*id*. at 6–7). Attached to the plaintiff's complaint are copies of his I-485 Application, status updates in the USCIS system through December 2024, and emails with Congressman Timmons' office (doc. 1-1).

## APPLICABLE LAW & ANALYSIS

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). As noted above, the plaintiff filed this action seeking injunctive relief from the defendants (*see* doc. 1). However, the instant

matter is subject to dismissal because the plaintiff has not complied with orders of this court to bring his case into proper form.

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id*. at 630. In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

Here, the factors weigh in favor of dismissal. With respect to factors (1) and (3), as noted, the plaintiff has failed to bring his case into proper form (*see* docs. 6; 12). The proper form orders warned the plaintiff of the consequences of failing to comply with instructions to bring his case into proper form, including the dismissal of the case pursuant to Fed. R. Civ. P. 41(b) (docs. 6 at 1; 12 at 1). For example, despite being provided instructions on how to complete a proposed summons for the defendants to allow the Court to issue a summons for service on the defendants (if authorized), the plaintiff instead

provided a proposed summons listing individuals who are not parties to this action in response to the first proper form order and has failed to respond to the second proper form order. The plaintiff was also instructed in the orders to keep his address updated with the court (*see* docs. 6 at 2; 12 at 2). As such, despite a warning that his case may be dismissed for failing to comply with a court order, the plaintiff has not provided the court with the required documentation. Accordingly, as the plaintiff has failed to comply with the court's orders and has been previously warned that such failure could result in dismissal, it appears that less drastic sanctions would not be appropriate. As such, the undersigned recommends that the instant action be dismissed for failure to comply with an order of the court.

Even had the plaintiff brought his case into proper form, this case would still be subject to dismissal for the same reasons as his previously filed action. *See Szelinger*, C/A No. 6:25-cv-00706-BHH (D.S.C.). Indeed, in dismissing the plaintiff's prior action, the Honorable Bruce H. Hendricks, United States District Judge, noted that courts in this circuit have generally found that USCIS has discretion over the I-485 application process and that "district courts therefore lack jurisdiction to compel [USCIS] to adjudicate an I-485 application under the mandamus statute, the APA, or the Declaratory Judgement Act." *Szelinger*, 2025 WL 1727263, at *1 (collecting cases recognizing that there is no jurisdiction to review requests regarding the pace at which I-485 applications are adjudicated in this circuit). As noted, the plaintiff's filing in this matter does not include additional information or Fourth Circuit case law contrary to that recognized by Judge Hendricks in dismissing his prior action. As such, the instant matter would also be subject to dismissal for the same reasons as the plaintiff's previous action, even had the plaintiff brought this case into proper form.

## RECOMMENDATION

As noted above, the plaintiff has failed to bring his case into proper form and his case is also subject to dismissal for the same reasons as his prior action (lack of subject matter jurisdiction). Therefore, the undersigned recommends that the district judge dismiss this action without prejudice, without leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

July 14, 2026
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).